UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH PAUL FITCH                                           CIVIL ACTION

VERSUS                                                      NO. 06-3307

TERREBONNE PARISH SHERIFF                                   SECTION: "R"(1)
DEPARTMENT

### REPORT AND RECOMMENDATION

Plaintiff, Joseph Paul Fitch, a prisoner confined at the Terrebonne Parish Criminal Justice Complex, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Terrebonne Parish Sheriff's Department. In this lawsuit, plaintiff claims that he fell while climbing into a truck.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief
>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that his complaint lacks any arguable basis

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the Court notes that plaintiff has not named a proper defendant. The sole defendant in this case is the Terrebonne Parish Sheriff's Department. However, "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Moreover, the Court finds that it is unnecessary to hold a Spears hearing[3] or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment to name a new defendant would be futile because it is clear that his underlying claim simply is not cognizable in this federal proceeding.

In his complaint, plaintiff states his claim as follows:

On 9-24-05, TPCJC transported inmates to WCI. While being handcuffed and shackled on my ankles I was made to climb up a ladder into a truck. Sherrif [sic] Deputy Devin Acosta was in the rear of the army truck assisting inmates into the truck by grabbing the middle of the handcuffs. When I reached the top of the ladder the Duputy Acosta reached to grab my handcuff. He missed. I fell from the rear of the truck onto my back and elbow. I was assisted up and put in the truck.

In this lawsuit filed pursuant to 42 U.S.C. § 1983, plaintiff is at best asserting a negligence claim arising from an accidental injury. However, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."

---

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001) (quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that negligence claims stemming from accidental falls are not cognizable under § 1983. In Daniels v. Williams, 474 U.S. 327 (1986), an inmate fell on a pillow negligently left in a stairway by a detention facility official. Arguing that this negligence violated his Fourteenth Amendment "liberty" interest in freedom from bodily injury without "due process of law," the inmate brought a lawsuit pursuant to § 1983. Id. at 328. Rejecting the inmate's claims, the Supreme Court noted: "Lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." Id. at 332. The Supreme Court held:

> Jailers may owe a special duty of care to those in their custody under state tort law, but ... we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept. Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he might rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy.

Id. at 335-36 (citation omitted). Similarly, the Fifth Circuit has expressly noted that accidental falls present "garden-variety negligence claim[s] ... not actionable under section 1983." Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (rejecting claim of prisoner whose ring was damaged after she

slipped on a wet floor). Accordingly, plaintiff's negligence claim simply is not cognizable in a § 1983 action.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of July, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**